IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:07cr20-CSC |
| | ) | (WO) |
| KWANG HUI GERKEN | ) | |

**ORDER**

On June 20, 2007, the defendant filed an unopposed motion to continue trial (doc. # 14) and an amended motion to continue trial (doc. # 15). Upon consideration of the motions, and for good cause, the court concludes that the motions should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant is does not speak English as a first language and counsel does not speak Korean. Consequently, counsel has had difficulty communicating with the defendant and requires the assistance of an interpreter who speaks Korean. Defense counsel will not be able to secure the assistance of a Korean interpreter prior to trial. The United States does not oppose the motion to continue. Requiring a trial under these circumstances is not beneficial to the parties or the public. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED as follows:

1. That the motions to continue trial (doc. # 14 & 15) be and are hereby GRANTED.

2. That this case be and is hereby continued for jury selection on and trial during the term beginning on **September 17, 2007, at 10:00 a.m.**

3. That this case be and is hereby set for a pretrial conference on **August 27, 2007, at 1:00 p.m.** in Courtroom 4B, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

Done this 21st day of June 2007.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE